# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| COSMETIC WARRIORS LIMITED, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LUSCIOUS GROUP LLC, )<br>INNOVATIVE TECHNOLOGIES PVT )<br>d/b/a LUSCIOUS COSMETICS )<br>)<br>Defendants. ) | Civil Action No. _____<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Cosmetic Warriors Limited for its complaint against Defendants Luscious Group LLC and Innovative Technologies PVT, doing business as Luscious Cosmetics, alleges as follows:

## THE PARTIES

1. Plaintiff Cosmetics Warriors Limited ("Cosmetic Warriors") is a company organized and existing under the laws of the United Kingdom, with its principal place of business at 29 High Street, Poole, Dorset BH15 1AB in the United Kingdom. Plaintiff has extensive operations in the United States, including over 200 LUSH branded retail stores and a website at www.lushusa.com.

2. Upon information and belief, Defendant Innovative Technologies Pvt d/b/a Luscious Cosmetics ("Innovative Technologies") is a Pakistani private limited company with a place of business at 246 A-3 Gulberg 3, Lahore, Pakistan 54660.

1

3. Upon information and belief, Defendant Luscious Group, LLC ("Luscious Group") is a California limited liability company with a place of business at 9350 Wilshire Boulevard, Suite 203, Beverly Hills, California 90212.

## NATURE OF ACTION AND JURISDICTION

4. This is an action for trademark infringement and unfair competition brought pursuant to Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), the Illinois Uniform Deceptive Trade Practices Act 815 ILCS § 510/1 *et seq.*, and Illinois common law, and for an order refusing registration of trademark applications under Section 37 of the Lanham Act, 15 U.S.C. § 1119.

5. This Court has jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Title 28 of the United States Code, §§ 1331 and 1338, and supplemental jurisdiction over Cosmetic Warriors' claims under state law under 28 U.S.C. § 1367(a). This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of the United Kingdom and citizens of Pakistan and the State of California.

6. This Court has personal jurisdiction over Innovative Technologies under Rule 4(k)(2) of the Federal Rules of Civil Procedure because Innovative Technologies is a foreign organization and, upon information and belief, is not subject to jurisdiction in any state's courts of general jurisdiction. Exercising jurisdiction over Innovative Technologies is consistent with the United States Constitution and laws.

7. Upon information and belief, this Court has personal jurisdiction over Luscious Group because it ships infringing products out of a distribution center located in or around Chicago, Illinois.

8. Venue is proper in this district under 28 U.S.C. § 1391.

## FACTS

**A. Cosmetic Warriors and Its LUSH Marks:**

9. Cosmetic Warriors is one of the world's premier suppliers of bath, hair care, and beauty products made from natural, wholesome ingredients. Cosmetic Warriors products are sold from over 200 stores operated in the United States, with at least 8 shops in Illinois, including shops in Orland Park, Oak Brook, Schaumburg, downtown Chicago, and other locations. Cosmetic Warriors also sells its products, and provides its services, from its retail shops in many foreign countries, as well as via its catalogs and Internet web sites. Cosmetic Warriors has a reputation of providing competitively priced, high-quality bath, hair care, and beauty products and services. Over the last several years, Cosmetic Warriors' business in the United States has grown substantially and Cosmetic Warriors is one of the nation's best known retail providers of bath, hair care, and beauty products and services.

10. Cosmetic Warriors has been commercially using the LUSH and LUSH FRESH HANDMADE COSMETICS marks in the United States since at least as early as 1995 through mail order, telephone, Internet, and catalog sales throughout the United States, and has used its LUSH and LUSH FRESH HANDMADE COSMETICS and Design marks from its own retail locations in the United States since at least 2002. Cosmetic Warriors has used these trademarks in connection with cosmetic preparations and affiliated products in the nature of skin creams and moisturizers, perfumes, bath preparations, hair products in the nature of skin creams and

3

moisturizers, perfumes, bath preparations, hair products (including shampoos, conditioners, hair treatments, hair dyes, and styling gels), and retail store services, including consultations and providing recommendations to customers. Cosmetic Warriors operates stores within many major regional malls, such as the Fashion Square Mall in Scottsdale, Arizona, and the Mall of America in Bloomington, Minnesota, to name just a few examples. Cosmetic Warriors also operates retail shops in major shopping districts, such as near Union Square in San Francisco, California. Cosmetic Warriors has given notice of its registered rights in its marks by using the ® symbol in connection with its registered trademarks.

11. Cosmetic Warriors owns, among others, the following United States Trademark Registrations and Application:

| MARK | REGISTRATION NO. | REGISTRATION DATE |
|---|---|---|
| LUSH | 2,282,428 | October 5, 1999 |
| LUSH | 2,853,483 | June 15, 2004 |
| LUSH | 3,001,303 | September 27, 2005 |
| LUSH | 3,008,685 | October 25, 2005 |
| LUSH FRESH HANDMADE COSMETICS and design | 3,102,767 | June 13, 2006 |
| LUSH | 3,987,808 | July 5, 2011 |
| LUSH | 4,118,438 | March 27, 2012 |
| LUSH TIMES | 4,532,289 | May 20, 2014 |
| LUSH | 86/475,096 | N/A |

A copy of each of these registrations and application is attached as Exhibits A – I. Each of the registrations shown in Exhibits A – H are valid and subsisting, and are *prima facie* or conclusive evidence of Cosmetic Warriors' exclusive right to use said marks in commerce on the goods and services specified in each registration. Further, each of the registrations shown in Exhibits A – G are incontestable.

4

12. Cosmetic Warriors has naturally and systematically expanded both the geographic footprint for the distribution of its goods and services, and the growth and expansion of its product line since 1995. For instance, Cosmetic Warriors has expanded use of its LUSH mark to candles, magazines, tote bags, and other goods beyond cosmetics.

13. Cosmetic Warriors has expended a substantial amount of money and effort in advertising and promoting its LUSH marks. Cosmetic Warriors is among the most innovative and creative companies selling cosmetics, soaps, hair products, bath products, perfumes, and related products and services in the world today. Those products and services are frequently imitated. Cosmetic Warriors and its LUSH mark are well known and consumers have come to know, rely upon, and recognize the LUSH mark as identifying Cosmetic Warriors' products and retail stores. Indeed, LUSH is the corporate persona and identity of Cosmetic Warriors in the minds of consumers. As a result of Cosmetic Warriors substantial promotional, advertising, publicity, and public relations activities, the LUSH mark has acquired substantial goodwill and is an extremely valuable commercial asset.

14. Cosmetic Warriors LUSH mark is inherently distinctive, serving to identify and indicate the source of Cosmetic Warriors' products to the consuming public, and to distinguish Cosmetic Warriors' products and services from those of others.

15. Cosmetic Warriors also has common-law rights in the LUSH mark throughout the United States.

16. Since its inception, Cosmetic Warriors has had an express intent to use and expand its line of LUSH branded products and services. This specific intent to expand includes geographic expansion and development of new and additional products, starting in at least 1995, and continuing to this day.

5

**B.     Defendants' Unlawful Conduct**

17.     Defendants, with constructive and, upon information and belief, actual knowledge of Cosmetic Warriors' LUSH mark began making, offering for sale, selling, promoting, and/or advertising cosmetics products under the marks LUSCIOUS and LUSCIOUS COSMETICS. Examples of Defendants' use of the LUSCIOUS and LUSCIOUS COSMETICS marks are attached as Exhibit J.

18.     Defendants, with constructive and, upon information and belief, actual knowledge of Cosmetic Warriors' LUSH mark, uses the LUSCIOUS mark in its web address www.iloveluscious.com and on social media accounts (*e.g.*, Facebook and Instagram).

19.     Upon information and belief, Defendants sell and offer for sale under the LUSCIOUS and LUSCIOUS COSMETICS marks cosmetics products in Illinois and in interstate commerce. Defendants also promote their products *inter alia* via their website and on social media. Defendants display the name LUSCIOUS in its website advertising.

20.     In an effort to resolve the matter without litigation, Cosmetic Warriors has been corresponding with counsel representing Innovative Technologies before the United States Patent and Trademark Office since as early as October 9, 2017.

21.     As a result of this correspondence, Defendants have had actual notice of Cosmetic Warriors' superior rights in the LUSH mark and its objection to Defendants' use of the LUSCIOUS and LUSCIOUS COSMETICS marks no later than October 9, 2017. Since receiving such notice, Defendants have taken no steps to cease use of its infringing LUSCIOUS and LUSCIOUS COSMETICS marks.

22.     Defendants are aware of the vast and valuable goodwill and reputation represented and symbolized by Cosmetic Warriors' LUSH mark. Defendant also is aware that

Cosmetic Warriors' consumers and potential consumers rely on Cosmetic Warriors' LUSH mark as distinguishing Cosmetic Warriors' products and services from the products and services of others.

23. Defendants' use of the LUSCIOUS and LUSCIOUS COSMETICS marks has always been and continues to be without the permission, consent, or authority of Cosmetic Warriors.

C. **Effect of Defendants' Conduct on Cosmetic Warriors and the Consuming Public**

24. Defendants' LUSCIOUS and LUSCIOUS COSMETICS marks are confusingly similar to Cosmetic Warriors' LUSH mark. Both parties also favor a black and white trademark presentation. The products sold by Defendants are competitive with and overlapping with the products sold by Cosmetics Warriors under its LUSH mark.

25. Defendants promote and/or sell their products over the Internet and through social media, such as Facebook and Instagram. The purchasers for the goods and services of Cosmetic Warriors under the LUSH mark are closely related to and overlapping with the purchasers for Defendants' goods sold under the LUSCIOUS and LUSCIOUS COSMETICS marks. The continued use by Defendants of the LUSCIOUS and LUSCIOUS COSMETICS marks on their websites, in their advertising and promotional materials, and on their products is likely to diminish the goodwill associated with Cosmetic Warriors' LUSH trademark.

26. Defendants' products sold under the LUSCIOUS and LUSCIOUS COSMETICS marks are being provided and promoted throughout the same geographic markets as Cosmetic Warriors products and services throughout the United States. On information and belief, Defendants are deriving and will continue to derive substantial revenue from its products and services provided under the LUSCIOUS and LUSCIOUS COSMETICS marks.

7

27. Defendants' unauthorized use of the LUSCIOUS and LUSCIOUS COSMETICS marks and derivatives of those marks is likely to cause confusion or mistake or to deceive consumers into believing that Defendants' unauthorized products and services advertised, promoted, and offered under the LUSCIOUS and LUSCIOUS COSMETICS marks and derivatives of those marks are sponsored, licensed or authorized by, or are affiliated, connected with or otherwise associated with Cosmetic Warriors, or that Cosmetic Warriors' products and services offered under Cosmetic Warriors LUSH mark are sponsored, licensed or authorized by, or affiliated, connected, or otherwise associated with Defendants when they are not.

28. Defendants' continued use of the LUSCIOUS and LUSCIOUS COSMETICS marks and derivatives of those marks is with full knowledge of the prior ownership by Cosmetic Warriors of Cosmetic Warriors' LUSH mark and Cosmetic Warriors' rights to use and control the use of such mark.

29. Defendants have acted and continue to act without regard to Cosmetic Warriors' property rights and goodwill.

30. As a result of Defendants' unauthorized use of the LUSCIOUS and LUSCIOUS COSMETICS marks and derivatives of those marks, Defendants are being unjustly enriched at Cosmetic Warriors expense, and Cosmetic Warriors is being damaged.

31. Defendants' unauthorized use of the LUSCIOUS and LUSCIOUS COSMETICS marks and derivatives of those marks in association with its products and services has significantly injured Cosmetic Warriors' interests. Specifically, Defendants (a) have traded upon and threaten to further trade upon the significant and valuable goodwill in Cosmetic Warriors' LUSH mark; (b) are likely to cause public confusion as to the source, sponsorship, or affiliation of Defendants' products or services; (c) have damaged and threaten to further damage Cosmetic

Warriors significant and valuable goodwill in Cosmetic Warriors' LUSH mark; (d) have injured and threaten to further injure Cosmetic Warriors' right to use Cosmetic Warriors' LUSH mark as the exclusive indicia of origin of Cosmetic Warriors' bath, hair, and beauty products and services in California and throughout the United States; (e) have lessened the capacity of Cosmetic Warriors' LUSH mark to indicate that its products are sponsored by Cosmetic Warriors; and (f) have engaged in unlawful, unfair, and fraudulent business practices from which members of the public are likely to be deceived as to the source, sponsorship, or endorsement of Defendants' goods.

32. Unless these infringing acts by Defendants are restrained by this Court, they will cause irreparable injury to Cosmetic Warriors and to the public, for which there is no adequate remedy at law.

**D. Defendants' U.S. Trademark Applications**

33. On June 8, 2017, Defendant Innovative Technologies filed Application Serial No. 87/481,350 for the LUSCIOUS mark in International Class 3 for *inter alia* cosmetics with the United States Patent and Trademark Office (PTO). The prosecution proceedings were suspended in view of a third party's pending application prior to the application being published for opposition. Cosmetics Warriors filed a letter of protest based on its prior registrations for its LUSH mark. Under Section 37 of the Lanham Act, 15 U.S.C. § 1119, the Court has jurisdiction to resolve whether (1) Cosmetic Warriors has made prior and continuous use of confusingly similar marks and registrations; (2) it would be damaged by registration of Application Serial No. 87/481,350 under Section 2(d) of the Lanham Act; and (3) registration of the LUSCIOUS mark would be likely to cause consumer confusion in view of Cosmetic Warriors' prior

9

registrations for the LUSH mark. On this same basis, the Court may order the PTO to refuse registration of the application.

34. On June 8, 2017, Defendant Innovative Technologies filed Application Serial No. 87/481,327 for the LUSCIOUS and Design mark in International Class 3 for *inter alia* cosmetics with the United States Patent and Trademark Office (PTO). The prosecution proceedings were suspended in view of a third party's pending application prior to the application being published for opposition. Cosmetics Warriors filed a letter of protest based on its prior registrations for its LUSH mark. Under Section 37 of the Lanham Act, 15 U.S.C. § 1119, the Court has jurisdiction to resolve whether (1) Cosmetic Warriors has made prior and continuous use of confusingly similar marks and registrations; (2) it would be damaged by registration of Application Serial No. 87/481,327 under Section 2(d) of the Lanham Act; and (3) registration of the LUSCIOUS and Design mark would be likely to cause consumer confusion in view of Cosmetic Warriors' prior registrations for the LUSH mark. On this same basis, the Court may order the PTO to refuse registration of the application.

### E.     Willful Nature of Defendants' Infringement and Unfair Competition

35. Defendants' acts of infringement and unfair competition complained of herein have been deliberate, willful, intentional, and in bad faith and, since at least October 9, 2017, undertaken with full knowledge and in conscious disregard of Cosmetic Warriors' rights. The alleged excuses, justifications, and other attempts to hide and obfuscate the facts of this matter undertaken by Defendants' have been dilatory, disingenuous, and without a sound basis in fact or applicable law. In view of the egregious nature of Defendants' actions, this is an exceptional case as described in Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## FIRST CLAIM FOR RELIEF
### Federal Trademark Infringement

36. Cosmetic Warriors repeats and re-alleges by reference the allegations in Paragraphs 1-35, above, as if fully set forth herein.

37. The acts of Defendants complained of herein are likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval and therefore constitute federal trademark infringement in violation of 15 U.S.C. § 1114(1). By reason of Defendants' bad faith and willful infringement, Cosmetic Warriors is entitled to recover actual damages, treble damages, an accounting for Defendants' profits, attorney fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

## SECOND CLAIM FOR RELIEF
### Federal Unfair Competition

38. Cosmetic Warriors repeats and re-alleges by reference the allegations in Paragraphs 1-37, above, as if fully set forth herein.

39. The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Cosmetic Warriors is entitled to recover actual and treble damages, attorney fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

## THIRD CLAIM FOR RELIEF
### Violation of the Illinois Uniform Deceptive Trade Practices Act 815 ILCS § 510/1 *et seq.*

40. Cosmetic Warriors repeats and re-alleges by reference the allegations in Paragraphs 1-39, above, as if fully set forth herein.

41. In addition to the injuries alleged in these counterclaims, and on information and belief, Defendants' conduct has resulted in Cosmetic Warriors' further loss of money or

property, such as, for example, diminished goodwill in its LUSH mark and lost sales due to the same.

42. The acts of Defendants complained of herein constitute violate the Illinois Uniform Deceptive Trade Practices Act 815 ILCS § 510 *et seq*. Cosmetic Warriors is entitled to an injunction.

### FOURTH CLAIM FOR RELIEF
### Rectification of U.S. Trademark Register

43. Cosmetic Warriors repeats and re-alleges by reference the allegations in Paragraphs 1-42, above, as if fully set forth herein.

44. Issuance of a registration to Innovative Technologies based on pending Application Serial No. 87/481,350 would cause injury and damage to Cosmetic Warriors as it would place a cloud upon Cosmetic Warriors' lawful right to use its LUSH mark on cosmetics and other goods.

45. Issuance of a registration to Innovative Technologies based on pending Application Serial No. 87/481,327 would cause injury and damage to Cosmetic Warriors as it would place a cloud upon Cosmetic Warriors' lawful right to use its LUSH mark on cosmetics and other goods.

46. CWL is further entitled to an Order from this Court instructing the United States Patent and Trademark Office to refuse registration of Innovative Technologies' pending Application Serial Nos. 87/481,350 and 87/481,327.

### PRAYER FOR RELIEF

WHEREFORE, Cosmetic Warriors prays that:

A. Defendants, their officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, be permanently enjoined from using

the LUSCIOUS and/or LUSCIOUS COSMETICS marks, and any other mark that is confusingly similar to the LUSH mark;

  B. Defendants be ordered to transfer ownership of the domain name www.iloveluscious.com, as well as any other domain name that incorporates the LUSH mark or any other mark that is confusingly similar to the LUSH mark, to Cosmetic Warriors;

  C. Defendants, their officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, be required to modify all packaging and promotional material to eliminate the LUSCIOUS and/or LUSCIOUS COSMETICS marks, and any other mark that is confusingly similar to the LUSH mark;

  D. Defendants, their officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, be required to deliver to the Court for destruction, or show proof of destruction of, any and all labels, signs, prints, packages, wrappers, receptacles, and advertisements, and any other materials in Defendant's possession or control that use the LUSCIOUS and/or LUSCIOUS COSMETICS marks, and any other mark that is confusingly similar to the LUSH mark;

  E. Defendants, their officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, be required to take all reasonably available steps to remove the LUSCIOUS and/or LUSCIOUS COSMETICS marks, and any other mark that is confusingly similar to the LUSH mark, as a designator of Defendants' products from any listing in any business directory, yellow pages, internet directory, and any other listing service;

  F. Defendants be ordered to file with this Court and to serve upon Cosmetic Warriors within 30 days after the entry and service on Defendants of an injunction, a report in

writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

  G. Cosmetic Warriors recover all damages it sustains as a result of Defendants' infringement and unfair competition, and that said damages be trebled;

  H. The Court direct an accounting to determine Defendants' profits resulting from Defendants' activities complained of herein, and that such profits be paid over to Cosmetic Warriors, increased as the Court finds to be just under the circumstances of this case;

  I. Cosmetic Warriors recover statutory damages as provided for in 15 U.S.C. § 1117(d);

  J. Defendants and all others acting in concert with them be directed to pay enhanced damages;

  K. Cosmetic Warriors recover its reasonable attorney fees;

  L. Cosmetic Warriors recover its costs of this action and prejudgment and post judgment interest;

  M. An Order be issued directing the Commissioner of the United States Patent and Trademark Office forbidding registration of Innovative Technologies' pending Application Serial No. 87/481,350 and 87/481,327; and

  N. Cosmetic Warriors recover such other and further relief as the Court may deem just and appropriate.

## JURY DEMAND

Under Fed. R. Civ. P. 38(b), Cosmetic Warriors hereby demands a trial by jury on all issues triable as of right by a jury.

...

Dated: July 13, 2018         Respectfully submitted,

COSMETIC WARRIORS LIMITED

By: /s/ Robert D. Leighton

Heather Kliebenstein (*pro hac vice* pending)
Ian G. McFarland (*pro hac vice* pending)
MERCHANT & GOULD P.C.
P.O. Box 2910
Minneapolis, MN 55402-0910
Tel. 612.336.4616
Fax 612.332.9081
HKliebenstein@merchantgould.com
IMcFarland@MerchantGould.com

Robert D. Leighton
GOLDBERG KOHN, LTD.
55 East Monroe, Suite 3300
Chicago, Illinois 60603
312-201-4000
Robert.Leighton@goldbergkohn.com